## HIGHTOWER v. CRAGG et al.
### No. 9154.

Court of Civil Appeals of Texas. San Antonio.

Oct. 25, 1933.

Rehearing Denied Nov. 8, 1933.

A. B. Crane, of Raymondville, for appellant.

R. F. Robinson, of Raymondville, for appellees.

SMITH, Justice.

In about the year 1927 appellant, Hightower, leased his store building to one Turner for the purpose of operating a restaurant therein. The lease was for a period of five years at a monthly rental of $75. A year or two later Turner sold his restaurant business and fixtures to one Cragg, who continued its operation under the terms of said lease, with the consent of appellant, to whom he regularly paid the specified rentals, up to September 1, 1931, at which time he besought appellant to renew the contract at a lesser rental. Appellant declined to reduce the rent, no agreement was reached, and Cragg continued to operate the business for a while alone, and subsequently in partnership with one Epton. At the end of six months Cragg and Epton had paid only $80 in rents to appellant, who thereupon took possession of the premises and brought this action against both of them to recover the balance due for the six-month period upon the basis of $75 per month, amounting to $370.

In a trial without a jury, the court rendered judgment in behalf of appellant against Cragg for $101.50 and against Epton for $118.50 or at the rate of $50 per month rental for the building. Hightower, the landlord, has appealed, contending that he is entitled to recover for the full rental period on the basis of $75 per month, as in case of holdover. Appellees have not favored this court with any brief.

The record is quite unsatisfactory, and fails to show any proper basis for the judgment rendered. There was no evidence upon which the court was authorized to fix the rentals at $50 per month, or at any other amount than $75 per month, or to apportion liability thereon between Cragg and Epton. There was no evidence whatever upon which to fix the true measure of damages. There is therefore no basis for the judgment, which must be reversed for that reason if none other.

We decline to decide appellant's proposition that he was entitled to recover upon the doctrine of holding over under a specific contract, after expiration. The record does not disclose sufficient specific facts showing the terms of the written contract, or the assignment, if any, thereof, or the agreed undertaking of the assignees, if any. There is no evidence to sustain the judgment rendered, and it must be reversed, and the cause remanded for another trial.